## HENRY L. SWARTWOUT

*v.*

## JOSEPH EVANS.

EVIDENCE — *leading questions.* In an action of trover, one of the questions of fact in controversy was, whether plaintiff, in making a demand of the property from the defendant, demanded the entire property or only a half interest which he owned, and the plaintiff asked his own witness, who was present when the demand was made, "What was said, if any thing, at that time about his interest in the machine?" The question was *held*, not to be leading, but merely directed the witness' attention to the particular point in controversy.

APPEAL from the Superior Court of Chicago; the Hon. JOSEPH E. GARY, Judge, presiding.

This case was originally before this court at the April Term, 1864, and again, upon a re-hearing at the April Term, 1865, when the judgment of the court below, which was in favor of the plaintiff, Evans, was reversed and the cause remanded. That case is reported in 37 Ill. 442.

The action was trover, brought by Evans against Swartwout, to recover for the alleged conversion by the defendant of a mowing and reaping machine, claimed to belong to the plaintiff.

Another trial was had, resulting as before, in a verdict for the plaintiff. Upon the second trial, a son of the plaintiff, Joseph Evans, Jr., testified, in reference to the demand made by the plaintiff of the defendant, and to direct the witness' attention to the character of the demand made, whether for the entire machine or only the plaintiff's half interest therein, he was asked this question:

" What was said, if any thing, by the plaintiff, at that time, about his interest in the machine ?" The defendant objected to the question, on the ground that it was leading. The court overruled the objection and the defendant excepted.

The witness answered:

" Father told Swartwout he wanted his share of the machine, his half. Defendant said he had bought and paid for it, and that he should not give it up; that he had bought it of my brother Richard."

Judgment being rendered upon the verdict, the defendant brings the cause to this court by appeal. The principal question arises in regard to the sufficiency of the proof to sustain the verdict.

Mr. J. W. WAUGHOP, for the appellant.

Messrs. GARRISON & BLANCHARD, for the appellee.

PER CURIAM: This case was before us at the April Term, 1864, and the judgment reversed, because the verdict was not sustained by the evidence. It has been again tried, and a second verdict has been found for the plaintiff. No question of law is raised on the record before us. No objection is taken to the instructions of the court, as none could be. The evidence makes a stronger case for the plaintiff than on the former trial. The testimony of the witness, who proves the demand for the

machine, is somewhat confused on the point as to whether the demand was for the entire machine, as the sole property of the plaintiff, or only for its joint use and possession; but the jury have passed upon that question under correct instructions from the court, and we cannot say that they found clearly against the evidence. The same remark applies to the question of damages. The question to the witness objected to as leading, merely directed his attention to the particular point in controversy.

*Judgment affirmed.*